Samuel H. Hofstadter, J.
This is a proceeding for the settlement of the account of a deceased trustee of an inter vivas trust, rendered by his executors, and also for the settlement of the account of the successor trustees. There being no objection to the account, the same is approved as filed. The attorney for the petitioners is allowed the sum requested by him as compensation for his services and in addition the sum of $251.37 for out-of-pocket disbursements. The disbursements for office stenography may not be allowed. The guardian is allowed $1,750.
Since the trust indenture, dated January 1, 1950, between the grantor’s son, a remainderman of the trust here being accounted for, and the trustees under the 1950 instrument, was annexed to the petition herein, the guardian was justified in studying its possible impact on the trust herein. His services in such study and making a report thereon were incident to the proper discharge of his duties as guardian. Inasmuch, however, as neither the petition nor the order to show cause herein requests a construction of the trust directly involved or a ruling on the effect of the 1950 indenture on the trust, and the parties hereto are not on notice, the court does not think a definitive determination of these questions should be made at this time. The court has, however, considered the questions in the light of the authorities cited both by the guardian and the petitioners and, though not deciding them, nevertheless inclines to the view that the petitioners’ position that the 1950 instrument is a new and independent trust, which can come into being only if the grantor’s son lives until the end of the trust under the indenture of February 11, 1942 as modified, and then becomes vested as remainderman with the corpus of the 1942 trust, the trust would then be a newly created trust of his own property, freed of the 1942 trust. (Livingston v. New York Life Ins. & Trust Co., 59 Hun 622; McCurdy v. New York Life Ins. & Trust Co., 83 Hun 612, affd. 151 N. Y. 667; New York Trust Co. v. Weaver, 298 N. Y. 1; Morgan v. Keyes, 302 N. Y. 439.)
Settle order.